## WOMMACK, administratrix, *et al. v.* WOMMACK.

FISH, C. J. Plaintiff sued for the recovery of land and mesne profits, basing his right of action on allegations to the effect that defendants claimed the premises in controversy under what is in fact a voluntary conveyance without valuable consideration, made to them by their grantor, who had purchased the land with plaintiff's money and for the plaintiff, but took a deed therefor to himself instead of to the plaintiff; and that therefore plaintiff had the equitable title to the same. Defendants demurred to the paragraphs of the petition which alleged that the voluntary deed under which defendants claimed the land "was made to hinder, delay, and defraud creditors of the grantor, and others holding an interest therein, including . . . petitioner, and such intention was known and understood by the grantees at the time of the taking of such deed;" and that defendants' grantor, at the time he executed the deed, was old, infirm, and weak-minded, and that his wife, one of the defendants and a grantee in the deed, "unduly influenced" and "used and exercised all manner of persuasion and entreaty upon [the grantor] to procure said deed, and finally obtained the same, it being her purpose in doing so to defraud . . a brother of petitioner, and other creditors, of debts due to them, and also to defraud petitioner out of his land." *Held*:

1. The court erred in overruling the demurrer to these paragraphs of the petition, the demurrer being that they were irrelevant and immaterial. The only right or interest the plaintiff asserted in the land was that of owner of the equitable title because his money paid for it. If he could not maintain this assertion by proof, then he would not be entitled to recover the land and mesne profits, although the deed under which defendants claim may have been void as against creditors of the grantor and others, because made with intention to delay or defraud creditors, and such intention known to the grantees. The plaintiff was not a creditor of the grantor of the defendants, nor was his contention such as to bring him within the words "and others," as employed in the statute. And if he should fail to maintain by proof his title to the land in controversy, then it could avail him nothing to show that one of the defendants unduly influenced their grantor to make the deed to them. If the plaintiff was in equity the owner of the land, and the deed under which the defendants claimed was merely a voluntary conveyance, then the plaintiff could recover, even though the defendants had no notice of his title; but if the deed to the defendants was not merely a voluntary conveyance, but they were bona fide purchasers for value, without notice of the plaintiff's title, then he could not recover. If, however, they were not such purchasers, and had notice of the plaintiff's title, then he could recover. Any competent evidence was admissible which tended to show that the conveyance under which defendants held was voluntary merely, or, if made for a valuable consideration, that defendants had notice of the plaintiff's title when they took.

26

2. It did not appear from the petition that the plaintiff's right of action was barred " by the statute of limitations."

3. The other grounds of demurrer were not meritorious.

4. As to the grounds of the defendant's motion for new trial overruled by the court, *held*: (*a*) The court erred in instructing the jury as to conveyances made by a debtor with intention to delay or defraud creditors, and such intention known to the party taking. As shown in dealing with the demurrer, this statute was not applicable to the plaintiff's case. (*b*) The testimony of a third person, that at a prior term of the court he had brought suit against the defendants, was incompetent, because irrelevant and immaterial.

(*c*) There was no merit in the other grounds of the motion insisted on in the brief of counsel for plaintiffs in error.

*Judgment reversed. All the Justices concur, except Atkinson, J., who dissents from the rulings in the first headnote, and in subdivision (a) of the fourth headnote.*

No. 1541. SEPTEMBER 15, 1920. REHEARING DENIED OCTOBER 2, 1920.

Complaint for land. Before Judge Hardeman. Washington superior court. June 11, 1919.

*W. M. Goodwin,* for plaintiffs in error.

*T. J. Swint, Jordan & Harris,* and *Hines, Hardwick & Jordan,* contra.